Xia v. Sessions

BIA
Hom, IJ
A200 184 285

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of August, two thousand eighteen.

PRESENT:
>        DENNIS JACOBS,
>        DENNY CHIN,
>        CHRISTOPHER F. DRONEY,
>             *Circuit Judges.*

_____

JINNA XIA,

>        *Petitioner,*

>   v.                                          17-143
>                                               NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,

>        *Respondent.*

_____

**FOR PETITIONER:**              Raymond Lo, Jersey City, NJ.

**FOR RESPONDENT:**     Chad A. Readler, Acting Assistant Attorney General; Anthony P. Nicastro, Assistant Director; D. Nicholas Harling, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jinna Xia, a native and citizen of the People's Republic of China, seeks review of a December 20, 2016, decision of the BIA affirming a November 5, 2015, decision of an Immigration Judge ("IJ") denying Xia's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jinna Xia,* No. A200 184 285 (B.I.A. Dec. 20, 2016), *aff'g* No. A200 184 285 (Immig. Ct. N.Y. City Nov. 5, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See*

2

8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). For the reasons that follow, we conclude that the agency did not err in finding that Xia failed to credibly establish past persecution based on her alleged arrest and detention in China for attending an underground church, or establish an independent well-founded fear of future persecution based on her practice of Christianity in the United States.

## I.   Past Persecution

The governing REAL ID Act credibility standard provides that the agency must "[c]onsider[] the totality of the circumstances," and may base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies or omissions in her or her witness's statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. "We defer . . . to an IJ's credibility determination unless . . .it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

3

Initially, as the Government observes, Xia has waived review of the agency's findings that her testimony and medical record were inconsistent concerning her injuries and that her corroborating evidence was insufficient to rehabilitate her credibility by failing to challenge them in her brief. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). These findings therefore stand as appropriate bases for the credibility determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146-47 (2d Cir. 2008) (discussing waiver of credibility findings); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate . . . may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

In addition, the agency reasonably found, based on the totality of the circumstances, that Xia's testimony was not credible. As the agency concluded, Xia was not responsive to certain questions, she provided inconsistent answers to certain questions, and she did not provide sufficient

4

corroborating evidence. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for h[er] inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit h[er] testimony." (internal quotation marks omitted)); *Siewe v. Gonzales*, 480 F.3d 160, 167-68 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. . . . [R]ecord support for a contrary inference—even one more plausible or more natural—does not suggest error." (internal quotation marks omitted)).

The adverse credibility determination is further bolstered by the IJ's observations of Xia's demeanor. 8 U.S.C. § 1158(b)(1)(B)(iii); *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005) ("We give particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor . . . ."). Xia does not meaningfully challenge the demeanor finding, arguing only that her demeanor was consistent and the IJ should have been more considerate of her educational background and the length of time that had

5

passed since the events in China. The IJ's observations, however, that Xia was nonresponsive when asked about her injuries and the absence of updated witness statements are supported by the record. Accordingly, we defer to the demeanor finding. *See Siewe*, 480 F.3d at 168-69 ("[S]peculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience. So long as an inferential leap is tethered to the evidentiary record, we will accord deference to the finding.").

Given the foregoing demeanor findings, as well as the grounds over which Xia has waived review, the "totality of the circumstances" supports the agency's adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167. The agency therefore did not err in concluding that Xia failed to establish a credible claim of past persecution.

II. Future Persecution

Absent past persecution, an applicant may establish eligibility for asylum by demonstrating an independent well-founded fear of future persecution, which "is a subjective fear that is objectively reasonable." *Dong Zhong Zheng v.*

6

*Mukasey*, 552 F.3d 277, 284 (2d Cir. 2009) (internal quotation marks omitted). "In the absence of solid support in the record," a fear of persecution is not well founded and "is speculative at best." *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

The Government is correct that Xia does not meaningfully challenge the agency's well-founded fear determination. Although she generally asserts that the U.S. State Department's International Religious Freedom Report for 2011 demonstrates that her fear of future persecution is well founded, we cannot consider that report because it is not part of the administrative record. *See* 8 U.S.C. § 1254(b)(4)(A) (providing that "the court of appeals shall decide the petition only on the administrative record on which the order of removal is based"). She does not challenge the agency's finding that the same report for 2013, of which the IJ took administrative notice, reflected local variation in China's treatment of underground Christians and no targeting of underground church members in Xia's home region. *See* U.S. State Dep't 2013 Int'l Religious Freedom Report, at 1 ("In some parts of the country, however, local authorities tacitly approved of or did not interfere with the activities of

7

unregistered groups."), *available at* http://www.state.gov/documents/organization/222335.pdf. Xia has therefore failed to demonstrate error in the agency's well-founded fear determination. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 149-50, 165-66 (2d Cir. 2008) (holding that when a fear of persecution is claimed based on enforcement of a policy that varies by region, it is the applicant's burden to show enforcement of the policy in her home region). Accordingly, because the agency reasonably found that Xia failed to demonstrate an objectively reasonable fear of future persecution, it did not err in denying asylum or in concluding that she necessarily failed to meet the higher burdens for withholding of removal and CAT relief. *Y.C. v. Holder*, 741 F.3d 324, 335 (2d Cir. 2013).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court